Leslie T. Gladstone, Esq. (SBN 144615)
Andrew B. Levin, Esq. (SBN 290209)
FINANCIAL LAW GROUP
5656 La Jolla Blvd.
La Jolla, CA 92037
Telephone: (858) 454-9887
Facsimile: (858) 454-9596
E-mail: AndrewL@flgsd.com

Attorneys for Leslie T. Gladstone, Chapter 7 Trustee

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>MICHAEL EUGENE CHRISTOPHER,<br><br>Debtor. | Case No.: 23-02152-CL7<br><br>Adv. No.: ___<br><br>**COMPLAINT FOR (I) AVOIDANCE AND RECOVERY OF UNAUTHORIZED POST-PETITION TRANSFERS AND (II) DISALLOWANCE OF CLAIM**<br><br>Date: None Set<br>Time: None Set<br>Dept: One (1)<br>Honorable Christopher B. Latham |
| LESLIE T. GLADSTONE, Chapter 7 Trustee,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD IRETON,<br><br>Defendant. | |

Plaintiff Leslie T. Gladstone, the chapter 7 trustee (the "**Trustee**" or "**Plaintiff**") in the bankruptcy case of debtor Michael Eugene Christopher ("**Debtor**"), by and through her counsel, as and for her Complaint against Richard



FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

Ireton ("**Defendant**"), respectfully alleges on behalf of the estate of Debtor (the "**Estate**") as follows:

**JURISDICTION AND VENUE**

1. This proceeding arises in the bankruptcy case *In re Michael Eugene Christopher*, Case No. 23-02152-CL7 (the "**Case**"), which was commenced on July 28, 2023 (the "**Petition Date**"), when Debtor filed a voluntary petition under Chapter 7 of Title 11 of the United States Code (the "**Bankruptcy Code**") in the United States Bankruptcy Court for the Southern District of California (the "**Court**").

2. This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. Sections 157 and 1334 and the Bankruptcy Code.

3. This adversary proceeding is a core proceeding under 28 U.S.C. Section 157(b) and this Court may, consistent with Article III of the Constitution, enter final orders or judgments and conduct a trial absent consent of the parties. If it is determined that this Court may not enter final orders or judgments or conduct a trial absent consent of the parties, Plaintiff hereby so consents.

4. Venue is proper in the Southern District of California pursuant to 28 U.S.C. Section 1409 because Christopher's Case is pending in this Court.

**PARTIES**

5. Plaintiff is the chapter 7 trustee in this Case and was appointed by the United States Trustee for the Southern District of California on or about the Petition Date to represent the interests of the Estate in connection with Debtor's Case.

6. Plaintiff is informed and believes and thereon alleges that Defendant is an individual residing in Del Mar, California.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

## GENERAL ALLEGATIONS

7. Plaintiff is informed and believes and thereon alleges that Debtor and Debtor's spouse, Marilyn Christopher ("**Ms. Christopher**"), maintained a Bank of America checking account with an account number ending in -1822 (the "**1822 Account**").

8. Plaintiff is informed and believes and thereon alleges that any funds in the 1822 Account were at all times prior to the Petition Date community property of Debtor and Ms. Christopher.

9. Plaintiff is informed and believes and thereon alleges that on March 20, 2023, in addition to other amount that she removed from the 1822 Account, Ms. Christopher transferred approximately $550,000.00 (the "**Transferred Funds**") from the 1822 Account to a Bank of America checking account with an account number ending in -2228 (the "**2228 Account**") in the name of Ms. Christopher and her mother, Linda O'Neil ("**Ms. O'Neil**").

10. Plaintiff is informed and believes and thereon alleges that on March 21, 2023, Ms. Christopher transferred all of the Transferred Funds from the 2228 Account to a Bank of America savings account with an account number ending -5385 (the "**5385 Account**") in the name of Ms. O'Neil.

11. Plaintiff is informed and believes and thereon alleges that prior to the March 21, 2023 transfer, the 5385 Account had a balance of less than $5,000.00.

12. Plaintiff is informed and believes and thereon alleges that between March 24, 2023 and March 27, 2023, $498,500.00 was then withdrawn or transferred from the 5385 Account, leaving a balance of $56,428.24.

13. On or about June 16, 2025, Plaintiff, on the one hand, and Ms. Christopher and Ms. O'Neil, on the other hand, entered into that certain *Stipulation to Resolve Adversary Proceeding* (the "**Settlement Stipulation**"),

resolving the adversary proceeding *Gladstone v. Christopher*, Adv. No. 23-90800-CL in the Court. [23-02152-CL7, ECF No. 126]

14. Pursuant to the terms of the Settlement Stipulation, Ms. Christopher acknowledged and admitted that she maintained control over any and all Transferred Funds that were transferred by Ms. Christopher to Ms. O'Neil, while such Transferred Funds were in the possession of Ms. O'Neil.

15. Plaintiff is informed and believes and thereon alleges that Ms. Christopher maintained control over any and all Transferred Funds in the 5385 Account and while such Transferred Funds were otherwise in the possession of Ms. O'Neil.

16. Plaintiff is informed and believes and thereon alleges that, as of the Petition Date, the Transferred Funds in Ms. Christopher's possession, custody, or control became property of the bankruptcy Estate.

**<u>The Post-Petition Transfer</u>**

17. Plaintiff is informed and believes and thereon alleges that on November 28, 2023, subsequent to the Petition Date, $20,000.00 was withdrawn from the 5385 Account and transferred to Defendant (the "**Transfer**").

18. Plaintiff is informed and believes and thereon alleges that the Transfer was made using the Transferred Funds.

19. Plaintiff is informed and believes and thereon alleges that the Transfer was not authorized by any order of the Court or by the Bankruptcy Code.

**<u>Disallowance of Claim</u>**

20. To the extent Defendant files a proof of claim in the Case or otherwise requests payment from Debtor, the Estate, or the Trustee (collectively, the "**Claims**"), this Complaint is not intended to be, nor should it be construed as, a waiver of Plaintiff's right to object to such Claims for any reason, including, but not limited to, 11 U.S.C. Section 502, and such rights are expressly reserved.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037

Notwithstanding this reservation of rights, Plaintiff seeks certain relief under 11 U.S.C. Section 502 as set forth below.

**FIRST CLAIM FOR RELIEF**
**Avoidance of Unauthorized Post-Petition Transfer**
**(11 U.S.C. § 549)**

21. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 20 of this Complaint as though fully set forth herein.

22. Plaintiff is informed and believes and thereon alleges that the Transfer of $20,000.00, made on November 28, 2023, was a transfer of the Estate's interest in property.

23. Plaintiff is informed and believes and thereon alleges that the Transfer was made to Defendant.

24. The Transfer occurred after the Petition Date.

25. As alleged in Paragraph 17 above, Plaintiff is informed and believes and thereon alleges that the Transfer was not authorized by any order of the Court or by the Bankruptcy Code.

26. The Transfer is avoidable by Plaintiff pursuant to 11 U.S.C. Section 549.

**SECOND CLAIM FOR RELIEF**
**Recovery of Avoided Transfer or Value Thereof**
**(11 U.S.C. § 550)**

27. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 26 of this Complaint as though fully set forth herein.

28. Plaintiff is informed and believes and thereon alleges that upon avoidance of the Transfer under 11 U.S.C. Section 549, Plaintiff is entitled, pursuant to 11 U.S.C. Section 550, to recover for the benefit of the Estate the value of the Transfer from (a) the Defendant, as the initial transferee, or (b) any immediate or mediate transferee of the Defendant.

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla, California 92037

**THIRD CLAIM FOR RELIEF**
**Disallowance of Claim**
**(11 U.S.C. § 502(d))**

29. Plaintiff realleges and incorporates by reference in this claim for relief Paragraphs 1 through 28 of this Complaint as though fully set forth herein.

30. Plaintiff is informed and believes and thereon alleges that Defendant is an initial transferee from whom property is recoverable under 11 U.S.C. Section 550.

31. Plaintiff is informed and believes and thereon alleges that Defendant is the transferee of the Transfer, which is avoidable under Bankruptcy Code Section 549, as set forth above.

32. Plaintiff is informed and believes and thereon alleges that Defendant has not paid the amount of the value of the Transfer to Plaintiff pursuant to Bankruptcy Code Section 550 as set forth in the Second Claim for Relief above.

33. Any and all Claims of Defendant and/or its assignee(s) against the Estate must be disallowed until such time as Defendant pays or turns over to Plaintiff an amount equal to Defendant's liability under Bankruptcy Code Section 550.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment as follows:

On the First Claim for Relief:

1. For a determination by the Court that the Transfer was not authorized by the Court or the Bankruptcy Code and is avoidable pursuant to 11 U.S.C. Section 549;

2. For a judgment against Defendant avoiding the Transfer in the total amount of $20,000.00, plus any additional amounts according to proof; and

3. For such other and further relief as the Court deems just and proper.

On the Second Claim for Relief

4. For a judgment granting Plaintiff the right to recover, for the benefit of the Estate, the value of the Transfer from (a) Defendant as the initial transferee or (b) any immediate or mediate transferee of such initial transferee; and

5. For such other and further relief as the Court deems just and proper.

On the Third Claim for Relief:

6. For a judgment disallowing any Claims of Defendant and/or its assignee(s) against the Estate to the extent provided for under 11 U.S.C. Section 502(d); and

7. For such other and further relief as the Court deems just and proper.

On All Claims for Relief:

8. Plaintiff seeks prejudgment and postjudgment interest, attorneys' fees, costs of suit, collection costs thereafter, and all other amounts allowed by law.

Dated: July 28, 2025

FINANCIAL LAW GROUP

By: /s/ Andrew B. Levin
Andrew B. Levin, Esq.
Attorneys for Leslie T. Gladstone, Trustee

FINANCIAL LAW GROUP
5656 La Jolla Boulevard
La Jolla. California 92037